**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROSENBAUM, *et al.*, <br><br> Plaintiffs, <br> vs. <br><br> PERMIAN RESOURCES CORP., *et al.*, <br><br> Defendants. | Case No.: 2:24-cv-00103-GMN-MDC |
| ANDREW CAPLEN INSTALLATIONS, LLC, *et al.*, <br><br> Plaintiffs, <br> vs. <br><br> PERMIAN RESOURCES CORP., *et al.*, <br><br> Defendants. | Case No.: 2:24-cv-00150-APG-DJA |
| THESE PAWS WERE MADE FOR WALKIN' LLC, *et al.*, <br><br> Plaintiff, <br> vs. <br><br> PERMIAN RESOURCES CORP., *et al.*, <br><br> Defendants. | Case No.: 2:24-cv-00164-GMN-NJK |

**Order Consolidating Actions**

Pursuant to Federal Rule of Civil Procedure 42(a) and Local Rule 42-1, the Court hereby consolidates *Rosenbaum et al. v. Permian Resources Corp., et al.*, No. 2:24-cv-00103-GMN-MDC, *Andrew Caplen Installations LLC, et al. v. Permian Resources Corp., et al.*, No. 2:24-

1   cv-00150-APG-DJA, and *These Paws Were Made for Walkin' LLC, et al.*, *v. Permian*
2   *Resources Corp., et al.*, No. 2:24-cv-00164-GMN-NJK.
3         These matters come before the Court pursuant to Plaintiffs' Notice of Related Cases
4   filed in each case. ECF Nos. 10, 10, and 5, respectively.
5         Fed. R. Civ. P. 42(a) governs the consolidation of separate actions.  When two cases
6   "involve a common question of law or fact," district courts may join them for any or all matters
7   at issue, consolidate the suits, or issue any other order that would prevent unnecessary cost or
8   delay. *Id.*  The threshold question is whether the cases involve common questions of law or
9   fact. *Id.*  If common questions exist, the court must balance the savings of time and effort that
10  consolidation will yield against any inconvenience, delay, confusion, or prejudice that may
11  result. *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).  "District courts enjoy
12  substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*,
13  138 S. Ct. 1118, 1131 (2018).  A court may consolidate actions *sua sponte*, or on its own. *See*
14  *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987) ("[C]onsolidation is within the
15  broad discretion of the district court . . . and trial courts may consolidate cases *sua sponte* . . . .
16  .").
17        Here, the Court agrees with Plaintiffs that these three cases involve several shared
18  questions of law and fact.  The same defendants are named in all cases and the claims are made
19  by related putative class members (consumers).  All three cases assert the same forty-six
20  claims.  And the cases share a common question of law—whether the defendants engaged in a
21  conspiracy to coordinate, and ultimately constrain, domestic shale oil production in violation of
22  federal and state antitrust laws.  As these cases are at a similar stage, there is no basis to find
23  that consolidation would cause inconvenience, delay, or expense.  Because the Court finds that
24  consolidation is merited and will conserve judicial and litigation resources, it consolidates these
25  cases for all purposes under the earlier-filed action pursuant to Local Rule 42-1(b). *See* Local

Rule 42-1(b) (dictating that consolidated cases "will be transferred to the judge whom the earliest-filed action is assigned").

Accordingly,

**IT IS HEREBY ORDERED** that these actions are consolidated for all purposes under Case No. 2:24-cv-00103-GMN-MDC, before District Judge Gloria Navarro and Magistrate Judge Maximiliano Couvillier.

The Clerk of Court is directed to **TRANSFER** Case No. 2:24-cv-00150-APG-DJA and No. 2:24-cv-00164-GMN-NJK and close them after consolidation. The parties are directed to make all future filings only in Case No. 2:24-cv-00103-GMN-MDC.

**DATED** this   29   day of January, 2024.

_____
Gloria Navarro, District Judge
United States District Court

_____
Andrew Gordon, District Judge
United States District Court